UNITED STATES DISTRICT COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>      Jody Ann Lowenstern<br><br>                                          Debtor | Chapter 13 BANKRUPTCY CASE<br>Docket No. 09-13478 |
| Jody Ann Lowenstern<br>                                          Plaintiff<br><br>      v.<br><br>AmTrust Bank, f/k/a Ohio Savings Bank;<br>et al<br>                                          Defendants | ADVERSARY PROCEEDING NO.<br>09-01284 |

## MOTION FOR WITHDRAWAL OF THE REFERENCE AND CHANGE OF VENUE

TO A JUDGE OF THE DISTRICT COURT:

NOW COMES Jody Ann Lowenstern, plaintiff, by her attorney, and respectfully moves the court to withdraw the reference of the above captioned adversary proceeding, or should the court deem it appropriate, the entire bankruptcy case, and for reasons states as follows:

1. Lowenstern commenced her chapter 13 bankruptcy case by filing a petition on April 21, 2009, in order to prevent foreclosure of the mortgage encumbering title to her home then held by the defendants.
2. The complaint in the adversary proceeding was filed on or about September 2, 2009, and essentially alleges that the mortgage should be voided due to predatory lending practices by the defendant[1].
3. On Friday, December 4, 2009, defendant AmTrust Bank was closed by the Office of Thrift Supervision (OTS). Subsequently, the Federal Deposit Insurance Corporation (FDIC) was named Receiver. Thereafter, the FDIC was substituted for AmTrust as defendant in this proceeding.
4. Pursuant to applicable law, an administrative claim was presented to the FDIC based on the allegations of the complaint[2], and proceedings in the bankruptcy court were stayed pending administrative action on the claim.
5. On September 16, 2010, the FDIC receiver/claims agent issued a letter disallowing

---

[1] Defendant MERS was named because it is the "mortgagee" named in the mortgage, and therefore arguably has a property right in the mortgage, or at least the right to foreclose, see In re Huggins, 357 BR 180 (Bkrtcy.D. Mass. 2006) and thus is a necessary party. Recent court decisions in other districts have cast doubt on that proposition, but as a matter of prudence MERS remains as a defendant. As MERS was not the "lender", it is only whatever rights MERS may have that await determination.

[2] In fact, a copy of the complaint was served on the FDIC's administrator.

      Lowenstern's claim, and advising her that she had the right, pursuant to 12 USC §1821(d)(6), to file a lawsuit within 60 days thereafter, or continue a previously commenced lawsuit regarding the claim. *See attached.*

6. Accordingly, Lowenstern is prepared to continue the within adversary proceeding pursuant to that statute.
7. However, on November 1, the bankruptcy court issued an order to show cause, inter alia, why the proceeding should not be dismissed without prejudice because the statute requires actions to be brought in the District Court for the district where the failed institution (Amtrust) was located or in the District of Columbia.
8. Because the statute appears to be a statute of repose barring the bringing of a lawsuit after 60 days (rather than a statute of limitations), dismissal, even without prejudice as to the issues presented, would nonetheless be prejudicial to Lowenstern because she likely would lose the right to bring a new suit.
9. In order to preserve the cause of action, Lowenstern requests that the court withdraw the reference as to this adversary proceeding. *See* 28 USC §157(d).
10. Because the statute explicitly states the required venue for actions of this nature, it would appear that in addition to the reference being withdrawn, venue must also be changed. *See* <u>Weiss ex rel. Fibercore, Inc. v. OFS Fitel, LLC</u>, 361 BR 315 (D.Mass. 2007).
11. While it is true that the bankruptcy court is a unit of the district court, 28 USC §151, bankruptcy courts have authority to enter final judgments only as to "core" proceedings. 28 USC §157(b). In its order to show cause, the bankruptcy court suggested that some of the counts of the complaint are not core proceedings and thus would have to be determined by the district court in any event.
12. In addition, authority to change venue appears to lie with the district court, not the bankruptcy court. *See* 28 USC §1412.
13. For all of the foregoing reasons, Lowenstern respectfully submits that cause exists to withdraw the reference and to change the venue of this proceeding to the District of Columbia.

    WHEREFORE Lowenstern requests that the reference be withdrawn and this proceeding be transferred to the District Court for the District of Columbia.

November 14, 2010

                                        Respectfully submitted,
                                        Jody Ann Lowenstern,
                                        By her attorney,

                                        /s/   *David G. Baker*
                                        David G. Baker, Esq.
                                        236 Huntington Avenue, Room 306
                                        Boston, MA  02115
                                        BBO# 634889
                                        617-340-3680

## CERTIFICATE OF SERVICE

The undersigned states upon information and belief that the within motion was served upon the persons named below by the bankruptcy court's CM/ECF system.

/s/ *David G. Baker*
David G. Baker, Esq.

Reneau J. Longoria on behalf of Defendant AmTrust Bank f/k/a Ohio Savings Bank
sl@dgandl.com, es@dgandl.com;kam@dgandl.com;sv@dgandl.com

Erin Powers Severini on behalf of Defendant AmTrust Bank f/k/a Ohio Savings Bank
es@dgandl.com, sl@dgandl.com;kam@dgandl.com;sv@dgandl.com;kam@dgandl.com

Stephen Valente on behalf of Creditor Residential Credit Solutions, Inc.
SV@DGANDL.COM, sl@dgandl.com;kam@dgandl.com;es@dgandl.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

In Re: Lowenstern v. Mortgage Electronic Registration Systems, Inc. et

Case/AP Number 09-01284 -FJB
Chapter

Status Conference

**COURT ACTION:**

_____Hearing held

_____Granted           _____Approved           _____Moot

_____Denied            _____Denied without prejudice       _____Withdrawn in open court

_____Overruled         _____Sustained

_____Continued to _____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by _____

_____No appearance by _____

Show Cause Order    _____Released    _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Status conference held.

1. The Debtor is hereby ordered to show cause why her claims herein against the FDIC as Receiver for AmTrust Bank should not be dismissed without prejudice for lack of subject matter jurisdiction because, under 12 U.S.C. § 1821(d)(6)(A), jurisdiction over administrative review of the FDIC's rejection of her claim is limited to certain United States district courts, and this court therefore does not have jurisdiction over the matter; and

2. The Debtor is further ordered to show cause why her claims (if any) against MERS in this adversary proceeding should not be dismissed without prejudice insofar as (i) she does not appear to have served the complaint on MERS, no return of service having been filed herein, (ii) her claims against MERS do not appear to be core proceedings, as the claim arose prepetition, MERS is not alleged to be the present holder of the mortgage, and MERS has not filed a claim in this case, (iii) where the claim is not a core proceeding, the court may not enter final judgment as to MERS without its consent, and that consent has not been given, see 28 U.S.C. § 157(c), and (iv) the complaint does not state a claim for relief against MERS.

The Debtor shall file her response to this order on or before November 15, 2010.

IT IS SO ORDERED:

*Frank J Bailey*

Dated: 11/01/2010

Frank J. Bailey
United States Bankruptcy Judge



**Federal Deposit Insurance Corporation**
7777 Baymeadows Way West, Jacksonville, FL 32256

Division of Resolutions and Receiverships

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

September 16, 2010

JODY ANN LOWENSTERN
151 JACKSON STREET
NEWTON CENTER, MA 02459

SUBJECT:   10155–AMTRUST BANK
            CLEVELAND, OH – In Receivership
            **NOTICE OF DISALLOWANCE OF CLAIM**

Dear Claimant:

The Receiver of AMTRUST BANK has reviewed your claim against the receivership. After a thorough review of your filed claim along with your supporting documentation, the Receiver has determined to disallow your claim for the following reason(s) :

    The claimant has not adequately proven the claim to the satisfaction of the receiver.

Pursuant to 12 U.S.C. Section 1821 (d) (6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver), in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice.

**IF YOU DO NOT FILE A LAWSUIT** (or continue any lawsuit commenced before the appointment of the Receiver) **BEFORE THE END OF THE 60-DAY PERIOD, THE DISALLOWANCE WILL BE FINAL, YOUR CLAIM WILL BE FOREVER BARRED AND YOU WILL HAVE NO FURTHER RIGHTS OR REMEDIES WITH RESPECT TO YOUR CLAIM. 12 U.S.C. Section 1821(d)(6)(B).**

However, if a portion of your claim is for an insured deposit, your claim is not against the Receiver but rather is against the FDIC in its "corporate" capacity as deposit insurer. An insured depositor's rights are prescribed in 12 U.S.C. Section 1821(f) and differ from the rights described in the preceding paragraphs.

If you have any questions about this letter, please contact the undersigned at (904) 256-3925.

Sincerely,


Creditor Claims Agent
Claims Department

RLS7218