UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JODY ANN LOWENSTERN,            )
        Plaintiff,              )
                               )
        v.                     )  C.A. No. 10-12144-MLW
                               )
                               )
FEDERAL DEPOSIT INSURANCE      )
CORPORATION, receiver for      )
AMTRUST BANK, f/k/a OHIO       )
SAVINGS BANK, and MORTGAGE     )
ELECTRONIC REGISTRATION        )
SYSTEMS, INC.,                 )
        Defendants.            )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          August 2, 2011

Plaintiff commenced a bankruptcy action in the United States Bankruptcy Court for the Eastern Division of the District of Massachusetts on April 21, 2009. On September 3, 2009, she filed a complaint against defendants in a related bankruptcy adversary proceeding alleging predatory lending claims. However, on December 4, 2009, defendant AmTrust Bank was closed by the Office of Thrift Supervision ("OTS"), and subsequently the Federal Deposit Insurance Corporation ("FDIC") was named receiver for AmTrust Bank. As a consequence, plaintiff's complaint was filed with the FDIC as an administrative claim. See 12 U.S.C. §§1821(d)(4)-(5). The FDIC disallowed the claim on September 16, 2010.

Pursuant to 12 U.S.C. §1821(d)(6), within sixty-days plaintiff may challenge the disallowance by the FDIC by filing a new lawsuit or continuing an existing one. Plaintiff elected to continue the adversary proceeding in the Bankruptcy Court. However, on November

1, 2010, the Bankruptcy Court ordered plaintiff to show cause why the complaint should not be dismissed based on the statutory requirement that challenges to FDIC administrative claims be brought in the district court where the "depository institution," AmTrust Bank, had its principal place of business, or the District Court for the District of Columbia.[1] See 12 U.S.C. §1821(d)(6). On November 14, 2010, plaintiff filed a Motion for Withdrawal of the Reference and Change of Venue (the "Motion), requesting this court to withdraw the complaint from the Bankruptcy Court, see 28 U.S.C. §157(d), and to transfer the case to the District Court for the District of Columbia. See 28 U.S.C. §1404(a); 28 U.S.C. §1406(a).[2] Defendants have not filed a response to the Motion.

Pursuant to 28 U.S.C. §157(d), the court "shall . . . withdraw a proceeding [from the Bankruptcy Court] if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Here, resolution of plaintiff's complaint requires consideration of the administrative claim procedures established by the Financial

---

[1]It is not clear where AmTrust Bank had its principal place of business. In the Complaint, plaintiff alleged that its principal offices were in Cleveland, Ohio. See Compl. ¶4.

[2]The Bankruptcy Court stayed consideration of its order to show cause pending resolution by this court of the Motion. However, on June 7, 2011, the Bankruptcy Court indicated that it intends to act on its order to show cause after August 16, 2011.

Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. §1821(d). Accordingly, the court is withdrawing the complaint from the Bankruptcy Court.

Additionally, FIRREA limits the venues in which plaintiff's claims may be considered. See 12 U.S.C. §1821(d)(6)(A); King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238, 245 (D. Mass. 2009). In order to challenge the disallowance of her administrative claim, plaintiff must continue her existing lawsuit in either the district in which AmTrust Bank had its principal place of business, or the District Court for the District of Columbia. See King, 672 F. Supp. 2d at 245; see also Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 920 (2d Cir. 2010) ("administrative claims may only be reviewed by federal courts in the District of Columbia and in the district where the entity in receivership was headquartered"). Because more than sixty-days have elapsed since the FDIC disallowed plaintiff's administrative claim, it is in the interest of justice to transfer this matter rather than to dismiss it and require plaintiff to refile it. See 28 U.S.C. §1406(a). Therefore, plaintiff's unopposed request to transfer venue is being allowed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Withdrawal of the Reference and Change of Venue (Docket No. 1) is ALLOWED. The complaint pending before the United States Bankruptcy Court for Eastern Division of the District of Massachusetts, 09-01284, is WITHDRAWN and this

-3-

matter is ORDERED transferred to the United States District Court for the District of Columbia.

2. Plaintiff's Motion for Expedited Determination (Docket No. 5) is MOOT.

_____/s/ Mark L. Wolf_____
UNITED STATES DISTRICT JUDGE
